UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUL 21 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

PUBLIC EMPLOYEES FOR ENVIRONMENTAL )
RESPONSIBILITY, )
2000 P Street NW, Suite 240 )
Washington, D.C. 20036 )
)

     Plaintiff,

Case: 1:11-cv-01326
Assigned To : Boasberg, James E.
Assign. Date : 7/21/2011
Description: FOIA/Privacy Act

v.

OFFICE OF MANAGEMENT AND BUDGET
725 17th Street, NW )
Washington, D.C. 20503 )
)
& )
)
U.S. DEPARTMENT OF STATE )
2201 C Street, NW )
Washington, D.C. 20520 )
)
     Defendants. )
)
)
) **COMPLAINT**
)
)

## PRELIMINARY STATEMENT

1.    This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,

*et seq.*, as amended, in order to compel the Office of Management and Budget ("OMB")

and the U.S. Department of State to disclose records withheld wrongfully after FOIA

requests and subsequent appeals from Plaintiff. FOIA requires that federal agencies

respond to public requests for documents, including files maintained electronically, in

order to increase public understanding of the workings of government and access to government information.

2.  Plaintiff Public Employees for Environmental Responsibility ("PEER") is a non-profit organization with tax-exempt status dedicated to research and public education concerning the activities and operations of the federal government. Plaintiff requested the subject records in order to learn about OMB's and the Department of State's communications regarding the cultivation of genetically engineered or genetically modified crops ("GE") on national wildlife refuges.

3.  Plaintiff submitted a FOIA request to OMB dated April 19, 2011 requesting communications OMB had with both governmental and non-governmental entities regarding the cultivation of GE crops on national wildlife refuges. By an email dated April 20, 2011, OMB confirmed receipt of Plaintiff's FOIA request and assigned it OMB FOIA number 11-106. On June 9, 2011, after the statutory period for responding to the FOIA request elapsed, Plaintiff filed an administrative appeal of the constructive denial of its request. OMB has never acknowledged or responded to Plaintiff's administrative appeal. It has now been well over the twenty day statutory time limit for OMB to produce documents responsive to Plaintiff's FOIA request.

4.  OMB's conduct is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request. OMB's conduct frustrates Plaintiff's efforts to educate the public regarding ongoing activities as OMB and is a violation of the FOIA.

5.  Plaintiff submitted a FOIA request to the Department of State dated April 20, 2011 requesting communications the Department of State had with both governmental and non-governmental entities regarding the cultivation of GE crops on national wildlife

refuges. On May 11, 2011, the Department of State confirmed receipt of Plaintiff's FOIA request and assigned it Case Control Number 201103186. On June 10, 2011, after the statutory period for responding to the FOIA request elapsed, Plaintiff filed an administrative appeal of the constructive denial of its request.

6. The Department of State acknowledged Plaintiff's administrative appeal in a letter dated June 23, 2011, but did not respond to the original FOIA request. In that letter, the Department of State claimed that the Plaintiff's FOIA request was not subject to administrative appeal at that time, as the agency had not denied any specific material in response to Plaintiff's request. In this letter, the Department of State stated that Plaintiff is not required to file an administrative appeal prior to instituting suit in federal court concerning the Department of State not meeting the statutory time frame to respond.

7. On July 12, 2011, well over the twenty day statutory time limit for the Department of State to produce documents responsive to Plaintiff's FOIA request, the agency sent Plaintiff a letter and indicated that it had identified five responsive documents, but referred them to other unspecified government offices to respond.

8. The Department of State's conduct is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request. The Department of State's conduct frustrates Plaintiff's efforts to educate the public regarding ongoing activities at the Department of State and is a violation of the FOIA.

9. Plaintiff seeks a court order requiring OMB and the Department of State to produce immediately the documents sought in the April 19, 2011 FOIA request to OMB and the April 20, 2011 FOIA request to the Department of State, as well as other appropriate relief.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over this action under the Freedom of Information Act, 5

U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction over the action under 28 U.S.C. §

1331 (federal question jurisdiction).

11.    This Court has the authority to grant declaratory relief under the Declaratory Judgment

Act, 28 U.S.C. § 2201, *et seq.*

12.    This court has the authority to award costs and attorney's fees under 28 U.S.C. § 2412

and 5 U.S.C. § 552(a)(4)(E).

13.    Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(e), because the

Defendant resides in this district and a substantial part of the events and omissions which

gave rise to this action occurred in this district.  Venue is also proper under 5 U.S.C. §

552 (a)(4)(B).

## PARTIES

14.    Plaintiff PEER is a non-profit public interest organization, with its main office located in

Washington, D.C., and field offices located in California, Arizona, Colorado, Florida,

Massachusetts, New Jersey, and Tennessee.

15.    PEER is not a commercial enterprise for purposes of the fee waiver provisions of FOIA.

*See* 5 U.S.C. § 552(a)(4)(A)(iii).  Among other public interest projects, PEER engages in

advocacy, research, education, and litigation relating to the promotion of public

understanding and debate concerning key current public policy issues, focusing on the

environment, public lands and natural resource management, public funding of

environmental and natural resource agencies, and ethics in government.

16.    Informing the public about these important public policy issues is central to PEER's

mission.  PEER educates and informs the public through news releases to the media,

PEER's website www.peer.org, which draws 1,000 and 10,000 viewers per day, and

PEER's newsletter which has a circulation of approximately 20,000, including 1,500

environmental journalists.

17.    Defendants are agencies of the United States as defined by 5 U.S.C. § 552(f)(1), and are

charged with the duty to provide public access to documents in their possession

consistent with the requirements of FOIA. They are denying Plaintiff access to its records

in contravention of federal law.

## FACTS

18.    In April of 2011, Plaintiff filed two separate but related FOIA requests seeking agency

records of communications regarding the cultivation of GE crops on national wildlife

refuges.  The initial date of each of Plaintiff's separate requests and corresponding

request numbers are:

(1) April 19, 2011 PEER FOIA; OMB Request No. 11-106; and

(2) April 20, 2011 PEER FOIA; Department of State Case Control No.

201103186.

### April 19, 2011 PEER FOIA; OMB Request No. 11-106

19.    On April 19, 2011, Plaintiff submitted a Freedom of Information Act request to the OMB

requesting records relating to the cultivation of GE crops on national wildlife refuges.

Specifically Plaintiff requested the following:  (1) All communications to and from

outside (non-federal) entities, including corporations or individuals, concerning

cultivation of GE crops on national wildlife refuges; and (2) All communications to and

from other federal agencies, including the U.S. Fish and Wildlife Service and the
Department of Interior, concerning cultivation of GE crops on national wildlife refuges.
These requests covered communications from January 1, 2009 to the date Plaintiff filed
its FOIA request.

20.    OMB acknowledged receipt of Plaintiff's FOIA request by an email dated April 20,
       2011.

21.    On June 9, 2011, following the statutory time-limit for producing documents, Plaintiff
       filed an administrative appeal of OMB's constructive denial of its FOIA request.

22.    OMB did not send an acknowledgment, respond to, or provide the requested documents
       to Plaintiff's June 9, 2011 appeal in the statutory time required.

23.    To date, OMB has still not responded to the FOIA request or appeal.  In doing so, OMB
       failed to meet the twenty (20) day limit imposed by FOIA for responding to an appeal.
       *See* 5 U.S.C. § 552(a)(6)(A)(ii).

24.    Plaintiff has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)
       for its FOIA request, and now turns to this Court to enforce the remedies and public
       access to agency records guaranteed by FOIA.

**April 20, 2011 PEER FOIA; Department of State Case Control No. 201103186**

25.    On April 20, 2011, Plaintiff submitted a Freedom of Information Act request to the
       Department of State requesting records relating to the cultivation of GE crops on national
       wildlife refuges.  Specifically Plaintiff requested the following:  (1) All communications
       to and from outside (non-federal) entities, including corporations or individuals,
       concerning cultivation of GE crops on national wildlife refuges; and (2) All
       communications to and from other federal agencies, including the U.S. Fish and Wildlife

Service and the Department of Interior, concerning cultivation of GE crops on national wildlife refuges. These requests covered communications from January 1, 2009 to the date Plaintiff filed its FOIA request.

26. The Department of State acknowledged receipt of Plaintiff's FOIA request by a letter dated May 11, 2011.

27. On June 10, 2011, following elapse of the statutory time-limit for producing documents, Plaintiff filed an administrative appeal of the Department of State's constructive denial of its FOIA request.

28. The Department of State acknowledged Plaintiff's administrative appeal in a letter dated June 23, 2011, but did not respond to the original FOIA request. The Department of State claimed that although it had not met the FOIA imposed deadline for responding to a FOIA request, Plaintiff could not file an administrative appeal of its FOIA request at that time, as it had not denied any specific material. The Department of State stated that Plaintiff is not required to file an administrative appeal prior to instituting suit in federal court concerning the Department of State not meeting the statutory time frame to respond.

29. On July 12, 2011, the Department of State sent Plaintiff another letter indicating that it had found five documents within the scope of Plaintiff's FOIA request. The agency did not provide Plaintiff with those documents, but rather referred them to other unspecified offices. The agency has still not produced documents responsive to Plaintiff's request and it is well over the twenty day statutory time limit.

7

30.     By refusing to send all records in its possession which meet the criteria of the FOIA
        request, the Department of State has constructively denied the FOIA request in violation
        of FOIA. 5 U.S.C. § 552.

31.     Plaintiff has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)
        for its FOIA request, and now turns to this Court to enforce the remedies and public
        access to agency records guaranteed by FOIA.

## CAUSES OF ACTION

### Count I: Violation of the Freedom of Information Act

32.     Plaintiff repeats allegations in paragraphs 1 through 31.

33.     The OMB and the Department of State's failure to disclose the requested documents is a
        violation of FOIA, 5 U.S.C. § 552, and the agencies' own regulations promulgated
        thereunder.

### Count II: Violation of the Administrative Procedure Act

34.     Plaintiff repeats the allegations in paragraphs 1 through 31.

35.     The OMB and Department of State's failure to disclose documents responsive to
        Plaintiff's request constitutes agency action unlawfully withheld and unreasonably
        delayed, in violation of the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706.
        Their failure in this matter is arbitrary, capricious, an abuse of discretion, not in
        accordance with the law and without observance of procedure required by law, all in
        violation of the APA.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests and prays that this court:

i.    Enter an Order declaring that OMB and the Department of State have wrongfully

withheld the requested agency records;

ii.   Issue a permanent injunction directing OMB and the Department of State to

disclose to the Plaintiff all wrongfully withheld documents;

iii.  Maintain jurisdiction over this action until both the OMB and the Department of

State are in compliance with FOIA, APA and every other order of this Court;

iv.   Enter an Order declaring that Plaintiff is entitled to a full fee waiver under 5

U.S.C. § 552(a)(4)(A)(iii) for Plaintiff's FOIA request to the extent that either the

OMB or the Department of State does not provide a full fee waiver for Plaintiff's

request;

v.    Award Plaintiff its attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E);

and

vi.   Grant such additional and further relief to which Plaintiff may be entitled.


Dated:   July 21, 2011

Respectfully submitted,

Kathryn Douglass, DC Bar No. 995841
Staff Counsel
Public Employees for Environmental Responsibility
2000 P Street, NW, Suite 240
Washington, D.C. 20036
(202) 265-7337

9